10-2893-ag
Ashraf v. Holder

BIA
Mulligan, IJ
A079 121 808

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:

RALPH K. WINTER,
ROGER J. MINER,
ROBERT A. KATZMANN,
    *Circuit Judges.*

_____

RAJA ASHRAF, AKA MOHAMMAD ASHRAF,
AKA MOHAMMAD SHAFIQ,
    *Petitioner,*

    v.                                    10-2893-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Richard W. Chen, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer Paisner-Williams,
                       Senior Litigation Counsel; Yedidya
                       Cohen, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Raja Ashraf, a native and citizen of Pakistan, seeks review of a June 18, 2010 order of the BIA affirming the May 29, 2008 decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ashraf*, No. A079 121 808 (B.I.A. June 18, 2010), *aff'g* No. A079 121 808 (Immigr. Ct. N.Y. City May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007) (per curiam).

The agency's adverse credibility finding was based on an accumulation of factors, including Ashraf's demeanor, his return trip to Pakistan, his prior use of a false name during immigration proceedings, and multiple contradictions and inconsistencies in the record. The record supports the inconsistencies noted by the agency, including discrepancies regarding the medical treatment Ashraf underwent after allegedly being detained by the Pakistani government, where he stayed when he returned to Pakistan in 2001, whether the government burned his farm, the circumstances surrounding his sister's murder, and whether his first wife had passed away. The cumulative effect of these numerous inconsistencies is substantial when measured against the record as a whole. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Ashraf explained the inconsistencies in his testimony by claiming that he suffered memory loss as a result of post-traumatic stress disorder. The agency was not required to credit the explanation, as the medical report submitted by Ashraf indicated that he had trouble concentrating and focusing, but did not mention memory loss. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (holding that an

3

agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The IJ's adverse credibility determination was further buttressed by a finding regarding Ahsraf's demeanor, particularly during Ashraf's testimony about his sister. Ashraf argues that the IJ erred by relying "on his own speculative analysis of [Ashraf's] sobbing to find [his] demeanor incredible." Pet'r's Br. 6. However, we give "particular deference" to demeanor findings by an IJ, as the IJ is in the best position to observe a witness and evaluate credibility. *See Dong Gao v. BIA*, 482 F.3d 122, 126–27 (2d Cir. 2007); *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir. 2005). Here, the agency's adverse credibility finding is supported by substantial evidence in the form of the numerous inconsistencies in the record, coupled with the IJ's demeanor finding. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009). As the only bases for relief depended upon Ashraf's credibility, the adverse credibility determination in this case necessarily precludes asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155–56

4

(2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk